IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES V. REYNOLDS, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.:4:21-cv-01317 |
| | § | |
| WILLIS OF TEXAS, INC., | § | |
| an affiliate of Willis Towers Watson | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CHARLES V. REYNOLDS, III ("Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendant WILLIS OF TEXAS, INC., an affiliate of Willis Towers Watson ("Defendant").

### Introduction

This is an action under the Age Discrimination in Employment Act, 29 USC § 626(b) (the "ADEA") based upon Defendant's discriminatory treatment of Plaintiff based upon his age. This action seeks equitable relief, compensatory damages, back pay, front pay, attorney's fees and costs, court costs, interest, and all other relief available under the applicable statutes. Plaintiff demands a trial by jury on all issues triable to a jury.

### Parties, Jurisdiction and Venue

1.

Plaintiff, a fifty-three (53) year old male, is a resident of Houston, Texas. Plaintiff was an employee of Defendant from May 2015 through his termination in November 2018.

1

2.

Defendant is a corporation headquartered in London, England that employs individuals and does business in the state of Texas, including an office in Houston, Texas, located at 811 Louisiana Street, #2200, Houston, Texas 77002. Defendant may be served through its Registered Agent, CT Corporation System.

3.

This Court has jurisdiction over this case pursuant to 28 USC §§ 1331 (federal question), and 1343 (civil rights).

4.

Venue in this Court is proper pursuant to 28 USC § 1391, as the employment practices at issue in this matter took place in Houston, Texas.

**Exhaustion of Administrative Prerequisites**

5.

Plaintiff timely and fully complied with prerequisites for administrative exhaustion required under the ADEA. Specifically, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of his termination, and he files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**Facts**

6.

Defendant recruited and hired Plaintiff to work for as a Producer (sales person) in May 2015 out of Defendant's Oklahoma City office.

7.

In or about 2017, Plaintiff transferred to Defendant's Houston office at his own expense when it became clear that Defendant was not investing in the Oklahoma City office. The president of that office and the lead broker had resigned their employment with Defendant to start a new firm, leaving the Oklahoma City office understaffed and lacking the resources to thrive.

8.

Upon his transfer to Houston, Plaintiff joined the Energy Team, and he ultimately reported to the Executive Vice President of Defendant's Global Energy Team.

9.

While working on the Energy Team, Plaintiff received accolades and was congratulated for his performance and the deals he brought in.

10.

Defendant never told Plaintiff he was not performing well.

11.

In October 2018, Defendant informed Plaintiff that his employment with Defendant was being terminated due to a reduction in force ("RIF").

12.

At the time of his termination, Plaintiff was one of three Producers on the Houston Energy Team. Plaintiff was 51, and the other two Producers were 40 and 26.

13.

Defendant claimed that it based its decision regarding who to layoff during the RIF upon job performance and the business needs of the position.

14.

Defendant claimed that Plaintiff was selected for the layoff due to low sales activity and lack of a pipeline leading to sales. Defendant also claimed that Plaintiff did not meet his annual benchmarks.

15.

In reality, Plaintiff was his team's top Producer, with 2018 production of $150,000 at the time of his termination. One of the other two Producers on his team had a negative production number, and the other had production of $8,038.

16.

At the time of his termination, Plaintiff also was poised to receive a Broker of Record letter from a new client that would have generated production of over $400,000. This new client was also one that would produce recurring revenue.

17.

The true reason the Defendant terminated the Plaintiff was his age, 51; he was 11 years older than one of his teammates and almost double the age of the other teammate. Defendant allowed these significantly younger, but less productive, teammates to keep their jobs.

18.

The reasons given by Defendant for Plaintiff's termination were pretext for the true reason, which was age discrimination.

19.

According to information provided by Defendant to Plaintiff, the ages of Producers on other teams who were terminated in the RIF were 51, 58, 63, and 72.

**ADEA CLAIM**

20.

Plaintiff incorporates paragraphs 1-19 of his Complaint into this Count.

21.

Defendant violated the ADEA by terminating Plaintiff because of his age, 51, while retaining the other two members of his team whose performance was worse than Plaintiff's performance but who were significantly younger than Plaintiff.

22.

Defendant's discriminatory conduct in violation of the ADEA caused Plaintiff to suffer economic loss.

23.

Defendant's discriminatory conduct was willful and intentional, and it was committed with reckless disregard for Plaintiff's rights under the ADEA.

24.

Plaintiff also is entitled to equitable relief under the ADEA, including but not limited to an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to his position or, in the alternative, front pay.

25.

Plaintiff also is entitled to liquidated damages for Defendant's willful violation of his rights under the ADEA.

26.

Plaintiff also is entitled to a statutory award of attorney's fees, costs, expenses and interest.

**PRAYER FOR RELIEF**

27.

Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause before a jury, Plaintiff obtain the following relief:

(a) Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

(b) An injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to his position, or, in the alternative, front pay;

(c) Liquidated damages;

(d) Attorney's fees;

(e) All costs of court and expenses expended herein;

(f) Pre-judgment interest at the highest legal rate;

(g) Post-judgment interest at the highest legal rate until paid; and

(h) All other relief the Court deems just and proper.

Respectfully submitted this 20th day of April, 2021,

SHELLIST | LAZARZ | SLOBIN LLP

/s/ Paul R. Harris
Paul R. Harris
TX Bar No. 24059905
SD TX ID No. 897365
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 | Fax: (713) 621-0993
pharris@eeoc.net

SALTER THOMSPON LAW, P.C.

/s/ Amanda S. Thompson
Amanda S. Thompson
Admission *Pro Hac Vice* To Be Applied For
Georgia Bar No. 622854
Salter Thompson Law, P.C.
2860 Piedmont Road NE
Suite 215
Atlanta, Georgia 30305

Tel: (404) 247-0107
Fax: (404) 920-4342
amanda@stlaborlaw.com

ATTORNEYS FOR PLAINTIFF CHARLES V. REYNOLDS